IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RONNIE LEE COVINGTON,**

      **Petitioner,**

v.                                       **Case No. 5:20-cv-00435**

**D.L. YOUNG, Warden,**
FCI Beckley,

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner Ronnie Lee Covington's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal. (ECF No. 8). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Covington is not entitled to relief from this Court as his claim is moot; therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED;** and that this action be **DISMISSED** and removed from the docket of the court.

I. **Relevant History**

Covington was arrested by state authorities in North Carolina for felony murder on January 5, 2008, and on July 29 of the same year was indicted in the United States District Court for the Middle District of North Carolina ("District Court") with robbery and firearms charges. (ECF No. 8-1 at 2). On July 29, 2009, after execution of a plea agreement, the District Court entered judgment in Covington's federal case, sentencing him to 253 months incarceration. *USA v. Jackson et al.*, No. 1:08-cr-00272-WO-2 (M.D.N.C. Jul. 29, 2008) at ECF Nos. 54, 102. He remained in the state's exclusive custody until September 24, 2009, when he was released on bond to the custody of the United States Marshals Service. (ECF No. 8-1 at 3). State authorities awarded Covington 628 days of prior custody credit for the period after his arrest until his release to federal custody. (*Id.*). His state charges were resolved on July 10, 2013, when the state court sentenced him to serve between 125 and 159 months for felony murder to run concurrently with his federal sentence. (*Id.*).

On June 25, 2020, Covington submitted the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). (ECF No. 1). He contends that his sentence has been calculated incorrectly because it does not account for the time he served in custody after some state charges brought against him were dropped. (*Id.* at 1–2). As a result, he asserts that he will be held longer than the time prescribed by his sentence. (*Id.* at 6). As for relief, he requests that he be given credit for the time he served in jail before his sentencing. (*Id.* at 7). He contends that his attempts to fully exhaust his administrative remedies were thwarted as the time to complete his final appeal expired due to the COVID-19 lockdowns within the prison. (*Id.* at 3).

On August 6, 2020, Respondent submitted a response to Covington's petition. (ECF No. 8). Respondent agrees that Covington is entitled to have time served in jail credited to his sentence based on the analysis of the United States Court of Appeals for the Fifth Circuit in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). (*Id.* at 5). According to Respondent, the Raw Expiration Full Term Date ("EFT") for Covington's federal sentence is later than the EFT for his state sentence, and he served time after the earliest date of his federal offense and prior to the commencement of his federal sentence. (*Id.* at 5–6). Respondent maintains that Covington's projected release date has now been updated based on the recalculation of his federal sentence with his *Willis* credits, rendering Covington's claim moot. (*Id.* at 6–7). Therefore, as Covington has received the relief he requested, Respondent asks the Court to dismiss Covington's petition. (*Id.* at 7).

The undersigned issued an order allowing Covington time to respond to Respondent's request for dismissal, but Covington filed no such response. (ECF No. 9).

## II. Standard of Review

Although Respondent does not state under which rule he brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, they are best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(c). Because Respondent filed a Response concurrently with his request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas

actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same

4

procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

     A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III.  Discussion

As detailed above, Covington requests a recalculation of his sentence to credit him with the time he spent in jail awaiting sentencing. Respondent, apparently agreeing with Covington that his sentence had been incorrectly calculated, asks that the petition be dismissed because Covington's sentence now reflects credit for the relevant presentence custody and the claim is now moot. A search of Covington's register number on the BOP's Inmate Locator tool reveals that Covington's projected release date is February 1, 2026,[1] as Respondent claims, rather than July 16, 2027 as previously calculated. Covington did not provide an answer to Respondent's arguments or otherwise disagree that his sentence was properly recalculated, and Respondent's contentions are thus undisputed.

The authority to compute federal terms of imprisonment and to provide credit for time served is delegated to the Attorney General, as exercised through the BOP. *See id.* at 334–35. A district court "may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice." *Rashid v. Quintana*, 372 Fed. Appx. 260, 262 (3rd Cir. 2010). In addressing any sentencing computation issue, a district court must consider: "(1) when the sentence commenced and (2) the extent to which the defendant may be entitled to credit for time spent in custody prior to commencement of the sentence." *Monroig v. Craig*, No. CIV.A. 5:08-CV-00058, 2010 WL 890974, at *3 (S.D.W. Va. Mar. 10, 2010) (citing *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996)).

---

[1] BOP Inmate Locator, https://www.bop.gov/inmateloc/.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that time has not been credited against another sentence. The Supreme Court of the United States ruled that pursuant to this directive, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337. However, there is an exception to the rule prohibiting "double credit" where state and federal sentences run concurrently. *See Willis v. United States,* 438 F.2d 923 (5th Cir. 1971).

As explained in *Willis*, where there is a concurrent state and federal sentence and the federal sentence will expire after the state sentence, it would not benefit the defendant to receive pre-sentence custody credit only toward the state sentence. *Willis*, 438 F.2d at 925. Accordingly, under certain circumstances, the defendant can receive prior custody credit toward his federal sentence for a time period that is also credited to his state sentence. *See Willis,* 438 F.2d at 925; *see also Kayfez v. Gasele,* 993 F.2d 1288, 1290 (7th Cir. 1993) (recognizing that by approving "*Willis* time," the BOP often permits what amounts to a form of "double credit" despite the language in Section 3585(b)).

As a prerequisite to the exercise of federal jurisdiction, the claim before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If

intervening factual…events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

8

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. Covington does not challenge his conviction or raise a substantive challenge to the legality of his sentence; rather, he brings this petition to challenge the BOP's allegedly improper calculation of his sentence due to its failure to award him prior custody credit. This case does not involve any collateral consequences, nor has Covington been released. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). *Dickerson v. Fed. Bureau of Prisons*, No. 5:10-CV-01363, 2013 WL 6388738, at *2 (S.D.W. Va. Dec. 6, 2013) (the petitioner's assertion he was entitled to prior custody credit for state custody was rendered moot by release).

The second exception, regarding challenged actions which are capable of repetition yet evading review, likewise is not applicable. Given that Respondent admits that Covington's original sentence calculation was in error and has updated Covington's records to reflect the proper credits, it is not reasonable to expect that

9

Respondent will reverse course and extend Covington's sentence. *Maultsby*, No. 1:17-CV-04612, 2018 WL 4289648, at *2. Due to the recalculation of his sentence, Covington's claim is moot, as the relief which he asks for has apparently already been received. An order directing the BOP to recalculate Covington's sentence and grant him credit for the time he spent in custody on the basis he alleges could now have no effect on Covington's sentence. As there is no further relief which this Court can grant based on the petition, the undersigned **FINDS** that Covington's § 2241 petition is moot and should be dismissed without prejudice.

## IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED;** and that this action be **DISMISSED** and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the

presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:** September 20, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge